EFILED IN OFFICE
CLERK OF STATE COURT
HENRY COUNTY, GEORGIA
STSV2024002167
VAL
JUL 15, 2024 05:18 PM
Lynne M. Policaro, Clerk of State Court
Henry County, Georgia

**IN THE STATE COURT OF HENRY COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| **JAYELYN LIVINGSTON,** | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | **FILE NO. ____________** |
| | ) | |
| | ) | |
| **v.** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| | ) | |
| **WALMART INC. d/b/a WALMART SUPERCENTER #745, WAL-MART STORES EAST, LP (DELAWARE) d/b/a WALMART SUPERCENTER #745, ABC CORPORATION, and JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiff JAYELYN LIVINGSTON (hereinafter "Plaintiff") by and through counsel, and hereby makes and files this Complaint against Defendant WALMART INC. d/b/a WALMART SUPERCENTER #745, Defendant WAL-MART STORES EAST, LP (DELAWARE) d/b/a WALMART SUPERCENTER #745, Defendant ABC CORPORATION and Defendant JOHN DOE, collectively Defendants, showing the Court as follows showing the Court as follows:

## PRELIMINARY STATEMENT

1.

This is a civil action seeking to hold Defendant liable for an incident that occurred on September 25, 2022, causing personal injuries to Plaintiff.

## PARTIES, JURISDICTION AND VENUE

2.

Plaintiff is a citizen of the State of Georgia and resides in the State of Georgia and is subject to the jurisdiction of this Court.

3.

At all relevant times in the instant litigation, Defendant WALMART INC. d/b/a WALMART SUPERCENTER #745 (hereinafter "Defendant Walmart") was/is a foreign profit company incorporated pursuant to the laws of the State of Delaware, with its principal address located at 702 SW 8th St., Bentonville, Arkansas 72716. Said Defendant is licensed to do business in the State of Georgia. Said Defendant may be served through its registered agent The Corporation Company (FL) at 410 Peachtree Parkway, Suite 4245, Cumming, Forsyth County, Georgia 30041.

4.

At all relevant times in the instant litigation, Defendant WAL-MART STORES EAST, LP (DELAWARE) d/b/a WALMART SUPERCENTER #745 (hereinafter "Walmart') was/is a foreign profit company incorporated pursuant to the laws of the State of Delaware, with its principal address located at 702 SW 8th St., Bentonville, Arkansas 72716. Said Defendant is licensed to do business in the State of Georgia. Said Defendant may be served through its registered agent The Corporation Company (FL) at 410 Peachtree Parkway, Suite 4245, Cumming, Forsyth County, Georgia 30041.

5.

Defendant ABC Corporation is an unidentified business entity other than the named Defendants, who may in some manner be responsible for the acts and omissions alleged herein and that may be in some manner liable to Plaintiff for injuries and damages resulting from those

acts or omissions. Upon ascertaining the proper identity of these individuals, Plaintiff will amend her pleading and cause a Summons and Complaint to be properly served.

6.

Defendant John Doe is an unidentified individual other than the named Defendants, who may in some manner be responsible for the acts and omissions alleged herein and that may be in some manner liable to Plaintiff for injuries and damages resulting from those acts or omissions. Upon ascertaining the proper identity of these individuals, Plaintiff will amend her pleading and cause a Summons and Complaint to be properly served.

7.

Jurisdiction and venue are proper in this Court.

**OPERATIVE FACTS**

8.

At all times material hereto, Defendant Walmart owned, operated, managed and/or maintained the Walmart Supercenter #745 located at 5600 N Henry Blvd., Stockbridge, Henry County, Georgia 30281.

9.

On or about September 25, 2022, Plaintiff visited Defendant Walmart's premises at 5600 N Henry Blvd, Stockbridge, Henry County, Georgia 30281, as a business invitee and/or guest.

10.

At said time and place, Plaintiff was a lawful guest upon the premises of Defendant Walmart, who owed Plaintiff a non-delegable duty to exercise reasonable care for her safety.

11.

At said time and place, there was a misplaced jar on the floor of the subject premises.

12.

Plaintiff incidentally kicked the misplaced jar as she turned onto an aisle.

13.

Broken glass resulted and Plaintiff cut her foot, sustaining significant injuries.

14.

At said time and place, Defendant Walmart owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition(s) on the premises.

**COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT WALMART**

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At said time and place, Defendant Walmart breached these duties to Plaintiff by committing one or more of the following acts and/or omissions:

a. Negligently failing to maintain or adequately maintain the condition of the floor, thus creating a hazard to members of the public utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b. Negligently creating a slip and fall hazard to members of the public utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c. Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether there were slippery substances on the floor, constituted a hazard to patrons utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition to Plaintiff;

d. Negligently failing to inspect or adequately warn Plaintiff of the danger of the floor, when Defendant knew or through the exercise of reasonable care should have known that said premises' floors were unreasonably dangerous and that Plaintiff was unaware of same;

e. Negligently failing to inspect, repair or adequately correct the unreasonably dangerous condition of the floor, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f. Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors for dangerous conditions;

g. Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the floors for dangerous conditions;

h. Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i. Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floors despite knowledge of prior slip and falls at the subject location caused by similar dangerous conditions that were not timely identified by Defendant Walmart's employees and corrected/remedied or for which notice was given to guests at the premises;

j. Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and identifying and remedying said conditions and/or warning guests of said conditions;

k. Negligently failing to assign specific associates/employees to the task of solely monitoring the floors in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

l. Negligently failing to act reasonably under the circumstances;

m. Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including Plaintiff herein;

n. Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

o. Negligently failing to inspect, clean, maintain and provide a safe surface within the subject premises; and

p. All other acts or omissions which may constitute negligence that may be found by and through the discovery process.

17.

As a result, while Plaintiff was visiting Defendant Walmart's business, Defendant's negligence caused Plaintiff to kick a misplaced jar on the floor of the premises, resulting in broken glass and causing Plaintiff to cut her foot and sustain significant personal injuries.

18.

As a direct and proximate cause of the negligence of Defendant Walmart, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical care and treatment and loss of earning. The losses are either permanent or continuing in

nature and Plaintiff will suffer the losses in the future.

19.

As a direct and proximate result of the negligence of Defendant Walmart, Plaintiff incurred medical expenses in the amount of $60,743.60.

**COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT WALMART**

20.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 19 above as if fully restated.

21.

At said time and place, Defendant Walmart owned, controlled, and/or possessed the business premises.

22.

At said time and place, and by virtue of its ownership, control, and/or possession of the premises, Defendant Walmart owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

23.

At said time and place, Defendant Walmart breached these duties to Plaintiff by committing one or more of the following acts and/or omissions:

a. Negligently failing to maintain or adequately maintain the condition of the floor, thus creating a hazard to members of the public utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

b. Negligently creating a slip and fall hazard to members of the public utilizing said premises, including Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c. Negligently failing to inspect or adequately inspect the floor, as specified above, to ascertain whether the floor, which was poorly maintained, constituted a hazard to patrons utilizing said area, including Plaintiff herein, thus creating an unreasonably dangerous condition to Plaintiff;

d. Negligently failing to inspect or adequately warn Plaintiff of the danger of the floors when Defendant knew or through the exercise of reasonable care should have known that said premises' floors were unreasonably dangerous and that Plaintiff was unaware of same;

e. Negligently failing to correct and/or inspect and/or maintain and/or repair and/or adequately correct and/or replace the unreasonably dangerous condition of the floors, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f. Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the floors for dangerous conditions;

g. Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the floors for dangerous conditions;

h. Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i. Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floors despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant Walmart's employees and corrected/remedied or for which notice was given to guests at the premises;

j. Negligently failing to enforce its stated policy that all associates are responsible for inspecting floor surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k. Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the floors of the subject premises;

l. Negligently failing to assign specific associates/employees to the task of solely monitoring the floors in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

m. Negligently failing to act reasonably under the circumstances;

n. Negligently engaging in a mode of operations when Defendant Walmart knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including Plaintiff herein;

o. Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

p. Negligently failing to inspect, clean, maintain and provide a safe surface within the subject premises; and

q. All other acts or omissions which may constitute negligence that may be found by and through the discovery process.

24.

As a result, while Plaintiff was visiting Defendant Walmart's business, Defendant's negligence caused Plaintiff to kick a misplaced jar on the floor of the premises, resulting in broken glass and causing Plaintiff to cut her foot and sustain significant personal injuries.

25.

As a direct and proximate cause of the negligence of Defendant Walmart, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical care and treatment and loss of earning. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE** Plaintiff prays that she has a trial on all issues and judgement against Defendants as follows:

a. That process and summons issue requiring Defendants to appear as provided by law and to answer the allegations of this Complaint.

b. Trial by jury;

c. Recovery for her past and future physical pain and suffering based on proof;

d. Recovery for her past and future mental and emotional pain and suffering;

e. Recovery of past general damages based on proof;

f. Recovery of past special damages in the amount of Sixty Thousand Seven Hundred Forty-Three Dollars and Sixty Cents ($60,743.60);

g. Recovery for present and future medical, hospital, and other items of special damage based on proof;

h. Recovery for punitive damages in an amount to be determined by the enlightened conscience of a jury;

i. That all costs be cast against Defendants;

j. Recovery for her loss of enjoyment of life; and

k. For such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 15th day of July, 2024.

**BEY & ASSOCIATES LLC**

*/s/ Debora M. Blair*
DEBORA M. BLAIR
Georgia Bar No. 650892
Attorney for Plaintiff

191 Peachtree Street NE, Suite 3200
Atlanta, GA 30303
Telephone: 404-344-4448
Facsimile: 404-393-6107
debora@beyandassociates.com